IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAIME LUEVANO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>R. RUIZ, SGT. DE LOS SANTOS,<br>WARDENS, Huntsville Tx., and<br>GOV. RICK PERRY, et al.,<br><br>　　　　Defendants. | CASE NO. 8:12CV232<br><br>MEMORANDUM<br>AND ORDER |

　　This matter is before the court on its own motion. On July 13, 2012, the court entered a Memorandum and Order requiring Plaintiff to either pay the $350.00 filing fee or submit a motion for leave to proceed in forma pauperis. (Filing No. 4.) The court cautioned Plaintiff that, even if he was permitted to proceed in forma pauperis, he would still be required to pay the entire $350.00 filing fee. However, he would be allowed to pay the filing fee in installments in accordance with 28 U.S.C. § 1915. (*Id.*)

　　In response, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. (Filing No. 7.) However, Plaintiff did not submit a certified trust account statement with his Motion. The Clerk of the court attempted to obtain this information directly from Plaintiff's institution, but the institution advised the Clerk of the court that the inmate is responsible for obtaining and submitting his trust account information to the court. (*See* Docket Sheet, August 31, 2012, Public Remark.) The court can take no action in this matter until Plaintiff either submits the $350.00 filing fee or a certified trust account statement. Because this matter has been pending for nearly three months, Plaintiff shall have until October 31, 2012, to either pay the entire $350.00 filing fee or submit a certified trust account statement. In the

event that Plaintiff fails to comply with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

Also pending is a Notice of Appeal, filed by Plaintiff in the Eighth Circuit Court of Appeals on September 20, 2012, and which the court liberally construes as a motion for interlocutory appeal under 28 U.S.C. § 1292(b). (Filing No. 8.) As set forth in that section, an interlocutory appeal is warranted if the decision sought to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation. 28 U.S.C. §1292(b). Here, no such "controlling question of law" is implicated. Because of Plaintiff's failure to pay the filing fee or submit a certified trust account statement, the court has not entered any substantive decisions in this matter. Thus, there is no decision to appeal and no "controlling question of law" at issue. The Motion is therefore denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 31, 2012**, to pay the entire $350.00 filing fee or submit a certified trust account statement in support of his Motion to Proceed In Forma Pauperis. In the event that Plaintiff fails to comply with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice;

2. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: October 31, 2012: Check for institutional trust account statement;

3. Plaintiff's Notice of Appeal (Filing No. 8), construed as a motion for interlocutory appeal, is denied;

4. Plaintiff's Motion to Amend Complaint (Filing No. 5) is granted. In the event that Plaintiff complies with this Memorandum and Order, the court will consider Plaintiff's Complaint, as amended; and

5. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing No. 5) is denied as duplicative. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing No. 7) remains pending.

DATED this 1st day of October, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.